**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| APRIL WADE, *individually and on behalf of others similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, <br><br> Defendant. | Case No. \_\_\_\_-cv-_____ |

## NOTICE OF REMOVAL

Defendant, Progressive Southeastern Insurance Company ("Progressive Southeastern"), removes this purported class action from the Superior Court for Marion County, Indiana for the Thirteenth Judicial District to the United States District Court for the Southern District of Indiana, Indianapolis Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, based on the following facts, showing this case may properly be removed to this Court:

1. Plaintiff, April Wade ("Plaintiff"), filed this case against Progressive Southeastern on April 4, 2024, in the Marion Superior Court 1 of Marion County, Indiana for the Thirteenth Judicial District, Case No. 49D01-2404-PL-014932.

2. Pursuant 28 U.S.C. § 1446(a) and Local Rule 81-2(a), a true and accurate copy of the State Court Record, including a copy of the state court docket sheet, all pleadings, motions, orders, and all other filings in chronological order by the state court filing date, is attached as **Exhibit A**. The undersigned verifies the attached **Exhibit A** State Court Record is complete as of the date of removal.

3. Pursuant to Local Rule 81-2(d), an additional copy of the operative complaint is attached as **Exhibit B**.

1

4. In the Complaint, Plaintiff alleges that Progressive Southeastern issued her automobile insurance policy, that she was in an automobile accident on or about October 5, 2019, and that Progressive Southeastern determined that her vehicle was a total loss. Compl. ¶ 11. Plaintiff alleges that Progressive Southeastern improperly valued her total-loss claim because it used a valuation system provided by Mitchell International, Inc. ("Mitchell") that applies a Projected Sold Adjustment ("PSA") to determine the value of her total-loss vehicle. *Id.* ¶¶ 16–21. The PSA adjusts an unsold vehicle's sticker price to account for typical negotiation differences between list and sale prices, a practice which Plaintiff contends does not reflect the reality of the used car market, resulting in under-payment of claims. *Id.* ¶¶ 22–28.

5. Plaintiff filed this action on behalf of herself and a putative class of "[a]ll persons who made a first-party claim on a policy of insurance issued by Progressive Southeastern Insurance Company, to an Indiana resident where the claim was submitted from the earliest allowable time through the date an order granting class certification is entered, and Progressive Southeastern Insurance Company determined that the vehicle was a total loss and based its claim payment on a valuation report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle" (the "Putative Class").[1] *Id.* ¶ 50.

6. Based on these allegations, Plaintiff asserts three claims against Progressive Southeastern: breach of contract (Count I), *id.* ¶¶ 59–63; breach of the duty of good faith and fair

---

[1] Plaintiff does not define the "earliest allowable time," but Progressive Southeastern construes it to mean the period allowed under the Indiana statute of limitations applicable to Plaintiff's claims. The statute of limitations for Plaintiff's claim for breach of contract is ten years. *See* Ind. Code § 34-11-2-11. The statute of limitations for Plaintiff's claim for breach of the covenant of good faith and fair dealing is two years. *See Del Vecchio v. Conseco Inc.*, 788 N.E.2d 446 (Ind. Ct. App. 2003) (holding that a breach of the covenant of good faith and fair dealing is essentially a breach of fiduciary duty claim). The statute of limitations for Plaintiff's claim for declaratory judgment is the same as the underlying substantive cause of action. *See Morris v. Manufacturers Life Ins. Co.*, No. EV 95-142-CH/H, 1997 WL 534156, at *10 (S.D. Ind. Aug. 6, 1997). Thus, the earliest allowable Putative Class period begins on April 4, 2014, *i.e.*, ten years prior to the filing of this lawsuit on April 4, 2024.

dealing (Count II), *id.* ¶¶ 65–70; and declaratory judgment (Count III), *id.* ¶¶ 72–76.

7. The Complaint seeks damages on behalf of Putative Class members in the form of (i) compensatory damages in the dollar amount of the purported undervaluation of Putative Class members' vehicles caused by the application of PSAs, (ii) pre-judgment and post-judgment interest, (iii) attorneys' fees and litigation costs and expenses, (iv) and any other relief the Court may deem appropriate. *Id.* at 18 (Prayer for Relief).

8. Based on the allegations of the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Progressive Southeastern has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

9. Progressive Southeastern is removing this case to the United States District Court for the Southern District of Indiana, Indianapolis Division, which is the "district and division embracing the place where [the] action is pending." *See* 28 U.S.C. § 1441(a).

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Marion Superior Court 1 of Marion County, Indiana for the Thirteenth Judicial District, Case No. 49D01-2404-PL-014932.

11. Progressive Southeastern executed a waiver of service of summons on May 24, 2024, which was filed in the state court, and is attached as **Exhibit C**.

12. This Notice of Removal is timely as it is filed within 30 days after Progressive Southeastern received a copy of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 471 (7th Cir. 2017) (explaining that the time to remove begins to run at service or waiver of service).

13. As of the date of this removal, no additional pleadings and papers have been filed, and no proceedings have occurred in the Marion Superior Court 1 of Marion County, Indiana for the Thirteenth Judicial District since Progressive Southeastern waived service. *See* Ex. A. Progressive Southeastern has not filed a responsive pleading. *Id.* Progressive Southeastern hereby reserves all rights to assert any and all defenses, including failure to state a claim upon which relief may be granted. Progressive Southeastern further reserves the right to amend or supplement this Notice of Removal.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

14. The Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Sta. 4 (codified in scattered sections of Title 28 of the United States Code) ("CAFA").

15. As set forth below, this is a putative class action in which: (1) there are at least 100 members of the alleged class; (2) Progressive Southeastern is a citizen of a state different than at least one member of the proposed class; and (3) based on the allegations in the Complaint and the Declaration of Michael D. Silver (**Exhibit D**), the putative class members' claims put in controversy in excess of $5 million, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Putative Class Consists of More Than 100 Members.

16. The Putative Class consists of "[a]ll persons who made a first-party claim on a policy of insurance issued by Progressive Southeastern Insurance Company, to an Indiana resident where the claim was submitted from the earliest allowable time through the date of an order granting class certification is entered, and Progressive Southeastern Insurance Company

determined that the vehicle was a total loss and based its claim payment on a valuation report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle." Compl. ¶ 50.

17. Based on Plaintiff's allegations alone, this case meets the requirement under CAFA that the purported class consist of more than 100 members. *Id*. ¶ 53 ("…Plaintiff is informed and believes that there are thousands of Class members…").

18. Moreover, Progressive Southeastern's investigation of reasonably available data also shows that, from April 4, 2014 to August 16, 2022, Progressive Southeastern settled approximately 29,918 first-party total-loss claims under Indiana auto insurance policies using the Mitchell valuation system. *See* Declaration of Michael D. Silver ("Silver Decl.") ¶ 3, attached hereto as **Exhibit D**.

19. Accordingly, the aggregate number of alleged class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

B. **Minimal Diversity Exists.**

20. Under CAFA, only minimal diversity is required to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district court shall have original jurisdiction of any civil action . . . [which] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."). This element is satisfied here.

21. Plaintiff alleges that "Progressive Southeastern Insurance Company is an Indiana corporation with its principal place of business in Indiana." Compl. ¶ 12. Progressive Southeastern is incorporated in Indiana. *See* Silver Decl. ¶ 2. Accordingly, Progressive Southeastern is a citizen of Indiana. *See* 28 U.S.C. § 1332(c)(1).

22. Plaintiff alleges that she is a citizen of Indiana. Compl. ¶ 11.

23. Although Plaintiff and Progressive Southeastern are both citizens of Indiana,

minimal diversity under CAFA still exists because CAFA requires only that "any member" of the class be diverse from "any defendant." *Id.* § 1332(d)(2)(A).

24. However, the putative Class is not limited to Indiana citizens. The putative Class encompasses "[a]ll *persons* who made a first-party claim on a policy of insurance issued by Progressive Southeastern Insurance Company to an Indiana *resident*" during the putative Class period. Compl. ¶ 50 (emphasis added).

25. Progressive's investigation of reasonably available data shows that members of the putative class reside in at least 39 different states (other than Indiana). *See* Silver Decl. ¶ 4.

26. Thus, there is minimal diversity here, as putative class members are citizens of other states, and Progressive Southeastern is a citizen of Indiana. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The Amount in Controversy Exceeds $5 Million.**

27. Under CAFA, federal district courts have original jurisdiction where, among other things, the "matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2).

28. To meet this requirement, "a defendant's notice of removal need include only a 'plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Craig & Landreth, Inc. v. Protective Prop. & Cas. Co.*, No. 4:23-CV-00162-TWP-KMB, 2024 WL 379821, at *3 (S.D. Ind. Feb. 1, 2024) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89.

29. Based on Plaintiff's allegations and prayer for relief, the $5,000,000 amount in controversy requirement is satisfied here.

30. Plaintiff alleges that Progressive Southeastern undervalued her total-loss vehicle by

at least $366.25 through its use of the PSA, before adding applicable taxes. Compl. ¶¶ 49, 63. Plaintiff further alleges that her claim is "typical of the claims of the proposed Class." *Id*. ¶ 55.

31. Assuming, as Plaintiff alleges, that her claims are typical of the claims of the Putative Class members' claims, the amount of actual damages in controversy due to the PSA allegedly exceeds $10.9 million ($366 average PSA applied to Plaintiff's vehicle x 29,918 estimated potential Class Members). This is sufficient to satisfy CAFA's amount in controversy requirement.

32. In sum, the factual allegations in the Complaint regarding the compensatory damages Plaintiff seeks on behalf of the Putative Class demonstrate that CAFA's amount in controversy requirement is satisfied here.

## III. CONCLUSION

For all the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, Progressive Southeastern respectfully requests that this action be removed from the Marion Superior Court 1 of Marion County, Indiana for the Thirteenth Judicial District to the United States District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453(b).

Dated June 12, 2024.

                                      */s/ J. Blake Hike*
                                      J. Blake Hike, #28601-02
                                      CARSON LLP
                                      301 W. Jefferson Blvd., Ste. 200
                                      Fort Wayne, IN 46802
                                      Telephone: (260) 423-9411
                                      hike@carsonllp.com

Jeffrey S. Cashdan*
Zachary A. McEntyre*
J. Matthew Brigman*
Erin M. Munger*
Allexia Bowman Arnold*
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
jcashdan@kslaw.com
zmcentyre@kslaw.com
mbrigman@kslaw.com
emunger@kslaw.com
aarnold@kslaw.com

Julia C. Barrett*
**KING & SPALDING LLP**
500 W. 2nd Street
Austin, Texas 78701
Telephone: (512) 457-2000
Fax: (512) 457-2100
jbarrett@kslaw.com

*Counsel for Defendant*

* *Pro hac vice application forthcoming*

## CERTIFICATE OF SERVICE

I, J. Blake Hike, hereby certify that on this date, June 12, 2024, the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

                                                */s/ J. Blake Hike*_____
                                                J. Blake Hike

                                                *Counsel for Defendant*